STATE OF LOUISIANA

VERSUS

KE'MICHAEL STRAUGHTER

NO. 21-KH-295

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

September 29, 2021

Susan Buchholz
First Deputy Clerk

**CONFIDENTIAL**
LSA-RS 46:1844(W)
ATTORNEYS OF RECORD
ONLY

**IN RE** KE'MICHAEL STRAUGHTER

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEVEN C. TUREAU, DIVISION "D", NUMBER 11,6312

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

## WRIT GRANTED; REMANDED WITH INSTRUCTIONS

Relator, Ke'Michael Straughter, a *pro se* defendant, is seeking review of the district court's March 1, 2021 denial of his Motion for Clarification of Sentence. For the reasons discussed herein below, we grant the writ application and remand the matter with instructions.

Pursuant to a negotiated plea agreement, on June 13, 2011, relator pled guilty to two counts of indecent behavior with a juvenile in violation of La. R.S. 14:81. On August 8, 2011, the district court sentenced relator to concurrent terms of ten years imprisonment at hard labor, six years suspended, with two years to be served without benefit of parole, probation, or suspension sentence. As a part of the plea agreement providing for the six years being suspended, upon his release from prison, relator was required to remain on supervised probation for five years. He did not appeal his convictions or sentences.

After serving four years of his sentence, while relator was on supervised probation, the State filed a Rule to Revoke his probation on the basis that relator violated the terms of his probation. At the revocation proceeding held on September 9, 2019, relator entered into a plea agreement to serve a five-year sentence in lieu of the remaining six years on his original sentence, with credit for time served.

On February 23, 2021, relator filed a Motion for Clarification of Sentence with the district court asserting that he did not receive credit for all the time spent incarcerated or the time spent on probation, but rather only received credit for the time he spent in custody after the State filed the Rule to Revoke his probation and prior to the revocation hearing. On March 12, 2021, the district court denied relator's motion on the basis that he asserted the same issue in his prior Motion to Cure Deficiency in the Record, which was denied by the court on December 28, 2020 on

21-KH-295

the grounds that there were no deficiencies in the record and that relator's rationale and interpretation of the plea agreement was incorrect.

In his writ application, relator contends that he did not receive credit for the time he served while on probation, a period ranging from March 21, 2015 to March 19, 2019, as outlined in the plea agreement.

A review of the record reveals ambiguity in the September 9, 2019 revocation hearing transcript as to the trial court's intentions regarding credit for time served. At the sentencing hearing, the following was stated:

> Ms. Clark: Your Honor, the State, or the Probation and Parole, has extended an offer, doing five years, backing up five, but Mr. Straughter was concerned. He wants to make sure he got credit for all the time served.

> The Court: Okay.

> Mr. Kotoski: Yeah, I mean, he gets credit for time served on this docket.

> The Court: Obviously, yeah.

> Ms. Clark: Yeah, I explained that, but he wanted to hear that from the Court.

> The Court: Yes.

> The Defendant: I'm talking about so -- so it's going -- it's going to be the credit from -- from all the time I served on this charge?

> The Court: On this charge.

> The Defendant: **From 2011 all the way until 2019**?

> The Court: **Credit for time served on anything that you served on this charge**.

> The Defendant: And it's going to be five years?

> The Court: That's what he's saying.

> Ms. Clark: Yeah.

> The Defendant: All right. Yeah.

> Ms. Clark: He'll do that.

> The Court: Okay. All right. Is it to run concurrent with any sentence that --

> Mr. Kotoski: Yeah, that's fine.

> The Court: -- any other sentence that he may serve? And it'll be up to your other judge as to whether those - -

2

whenever those charges are disposed of, if you were to be convicted and sentenced, it will be up to that judge whether that judge allows that sentence to be concurrent with this. Okay?

\*\*\*\*\*\*

The Court: And the basis for you waving that is that Probation and Parole has offered to allow you to serve five years, **with credit for time served on this charge,** to run concurrent with any other sentence that you may be currently serving?

The Defendant: Yes

\*\*\*\*\*\*

The Court: Okay.

The Court will accept the stipulation to revoking his probation, impose a sentence of five years as per the agreement with Probation and Parole, **credit for all time served on this charge since his date of arrest,** and concurrent with any other sentence that he may be serving. Okay?

Mr. Kotosku: Yes ma'am. Thank you.

(Emphasis added.)

The court minutes for the September 9, 2019 sentencing do not accurately reflect what occurred at the sentencing hearing. Specifically, the minute entry provides that the "Court sentenced the defendant to the Department of Corrections for five (5) years with credit for time served since May 22, 2016, to run concurrent with any sentence he may be serving." Additionally, the uniform commitment order, dated November 20, 2019, states: "Under the provisions of La. C.Cr.P. art 880, defendant is given credit for time served since 5-22-16."

Generally, this Court would order the trial court to amend the minutes of sentencing to accurately reflect the sentencing transcript. However, in this instance, the sentencing transcript is unclear as to the trial court's intent regarding credit for time served. During the sentencing colloquy, the court stated that defendant would get "[c]redit for time served on anything that you served on this charge." The actual sentence states that defendant was given "credit for all time served on this charge since his date of arrest." Thus, this matter is remanded to the trial court for clarification of the credit for time served given to relator, and we instruct the trial court to specify the periods to be credited to relator. This writ application is granted and remanded with instructions.

Gretna, Louisiana, this 29th day of September, 2021.

**FHW**
**SMC**
**JGG**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/29/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-KH-295**

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Honorable Steven C. Tureau (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

Honorable Ricky L. Babin (Respondent)
District Attorney
23rd Judicial District Court
Post Office Box 66
Convent, LA 70723

Ke'Michael Straughter #588401 (Relator)
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648